CHRISTIAN HOOVER *v.* GEORGE WELLS, Admr., &c.

1. HUSBAND AND WIFE: HUSBAND'S INTEREST IN SLAVES OF WIFE HELD UNDER ACT OF 1839.—It is well settled in this court that the husband is entitled to the possession and *usufruct* of slaves held by his wife under the Married Woman's Act of 1839 during his life, and that after his death they go to the surviving children. *Cameron* v. *Cameron*, 29 Miss. R. 112; *Steadman* v. *Holman*, 33 Id. 550 ; *Smith* v. *Williams*, 36 Id. 545.
2. SAME: ADMINISTRATOR OF WIFE NOT ENTITLED TO POSSESSION OF SLAVES OF WIFE HELD UNDER ACT OF 1839.—The husband being entitled in his own right to the possession and *usufruct*, during his life, of slaves held by his wife under the Act of 1839, cannot, as administrator of the wife, maintain *trover* for the wrongful conversion of them by a third party. See *Steadman* v. *Holman*, 33 Miss. R. 550.

ERROR to the Circuit Court of Pike county. Hon. John E. McNair, judge.

The judgment in the court below was in favor of Wells, as administrator of his wife.

*Lamkin* and *Stewart*, for plaintiff in error.

*D. W. Hurst*, for defendant in error.

HANDY, J., delivered the opinion of the court:

This action was brought by the defendant in error, as administrator of his deceased wife, for *trover* and conversion of a slave, the separate property of the wife, under the statute of 1839 in relation to the rights of married women. It appears that there were two children, the issue of the marriage, who were living and infants at the time the suit was instituted; and that, after the death of the wife and before administration of her estate granted to the defendant in error, the slave was in the possession of the plaintiff in error, who sold him in the year 1847. Administration was first granted of the estate of the wife in the year 1855 and to the defendant in error, who brought this action

in that year. It further appears that the slave became the separate property of the wife in the year 1843 during the marriage, and that her death took place in March, 1846.

Several exceptions were taken in the court below to the rulings of the court on the trial, and are here insisted on as grounds of reversal. But there is one objection of so vital a character to the judgment that it is needless to consider any other question raised in the case.

It appears that the slave in controversy became the separate property of the wife under the statute of 1839, during her marriage with the defendant in error, and that she died in 1846, leaving children born of the marriage and her husband surviving. In such a case it is well settled in this court that the surviving husband is entitled to the possession and *usufruct* of the slave during his life, and after his death that it goes to the surviving children. *Cameron* v. *Cameron*, 29 Miss. R. 112; *Steadman* v. *Holman, admr.*, 33 Id. 550; *Smith* v. *Williams*, 36 Id. 545. And it is held, in the second of these cases, that the administrator of the wife is not entitled to the possession as against the surviving husband, except perhaps for the payment of her debts, which must be shown.

In order to maintain the action of trover, it is necessary that the plaintiff show title in himself at the time of instituting the suit, and also the right of possession; and it is plain that neither of these things is here shown. He shows neither title, nor right of possession in him *as administrator*, but the right of possession and a special property for life are shown in him in his individual right, with the interest in remainder, so to speak, to his children. If any action would lie for the trover and conversion, it is clear that it could not be maintained by the wife's administrator, upon the facts set forth in this record.

The judgment must, therefore, be reversed, and the case remanded for a new trial.